# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (Richmond Division)

Philip Thompson
6608 Inglewood Street
Richmond, Virginia 23228

    Plaintiff,

vs.

iStar Bowling Centers I LP
1114 Avenue of the Americas, 27th Floor
New York, New York 10036

    Defendants.

3:10CV453

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, Philip Thompson ("Thompson"), is an adult resident of Virginia, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that he is a single leg amputee, and uses a wheelchair for mobility.

1

5. Defendant iSTars Bowling Centers I LP, a Virginia limited partnership, is the owner and operator of Shrader Lanes, a bowling alley located at 8037 Shrader Road, Richmond, Virginia 23294 ("Bowling Alley").

### The Bowling Alley is a Place of Public Accommodation

6. The Bowling Alley is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(I).

### ADA Prohibition of Discrimination by Public Accommodations

7. Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Letter from Plaintiff and Recent Re-Surface of Parking Lot

8. In or about the past six months, plaintiff's representative sent a letter to the Bowling Alley, identifying the conditions at the property he believed created barriers to access at the Bowling Alley.

9. The Bowling Alley, in the past 3 months or less, re-surfaced the parking lot.

### Architectural Barriers to Access

10. Despite the letter from plaintiff's representative and recent re-surfacing of the parking lot, the following conditions exist at the Bowling Alley:

2

    a)    There is an insufficient number of accessible parking spaces provided ;

    b)    There are no van accessible parking spaces provided;

    c)    No access aisles are provided adjacent to parking spaces designated as "accessible";

    d)    Some of the "accessible" parking spaces lack adequate and compliant signage;

    e)    The ramp lacks adequate and compliant handrails;

    f)    There is insufficient maneuvering space provided in the entry vestibule;

    g)    There are less than 18" of clear floor space provided adjacent to the latch on the pull side of some of the entrance doors;

    h)    There is change in level greater than ½" at the main entrance door;

    i)    Doors within the facility require more than 5 pounds of force to operate.

11.    Plaintiff asserts that each of the above conditions constitutes architectural barriers, violative of Title III of the ADA.

12.    By failing to remove existing architectural barriers, defendant has discriminated against persons with disabilities, specifically those with mobility impairments and who use wheelchairs, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Bowling Alley, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Architectural Barriers or Modify Policies: Unlawful Discrimination

13.    Defendant has failed to remove the above mentioned architectural barriers at its Bowling Alley and to make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Bowling Alley by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing: Thompson's Visit and Intention to Return to the Bowling Alley

14. Thompson, who visits the Bowling Alley frequently, has been injured because his full and equal enjoyment of the Bowling Alley was denied and curtailed by the presence of the architectural barriers set forth above.

15. Thompson has a present intention and desire to continue visiting the bowling alley in the future .

WHEREFORE, Thompson demands judgment against defendant, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, the Bowling Alley, owned and/or operated by defendant is not readily accessible to Thompson violative of the ADA;

B. That the Court enter an order directing defendant to alter and renovate the place of public accommodation at issue in this case, to wit, the Bowling Alley, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter an order directing defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow it to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit, the Bowling Alley;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Thompson; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/ Joel R. Zuckerman
Joel Zuckerman
Virginia Bar No. 42453
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
Email@maxlaw.us
*Attorneys for the plaintiff*